**FILED**
CLERK, U.S. DISTRICT COURT

1/28/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_MMC\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2024 Grand Jury

| UNITED STATES OF AMERICA, | CR No. 2:25-CR-00064-WLH |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi): Possession with Intent to Distribute Fentanyl; 21 U.S.C. § 853: Criminal Forfeiture] |
| GUILLERMO ARMANO ROMERO VALDEZ, | |
| Defendant. | |

The Grand Jury charges:

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi)]

On or about May 3, 2023, in Los Angeles County, within the Central District of California, in his car, defendant GUILLERMO ARMANO ROMERO VALDEZ knowingly and intentionally possessed with intent to distribute at least 400 grams, that is, approximately 2,000 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi)]

On or about May 3, 2023, in Los Angeles County, within the Central District of California, in his residence, defendant GUILLERMO ARMANO ROMERO VALDEZ knowingly and intentionally possessed with intent to distribute at least 400 grams, that is, approximately 1,082.8 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

FORFEITURE ALLEGATION

[21 U.S.C. § 853]

1.  Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of defendant's conviction of the offense set forth in this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from such offense,

    (b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense, and

    (c)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.  Pursuant to Title 21, United States Code, Section 853(p), defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished

//
//
//

in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

JOSEPH T. MCNALLY
Acting United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

*Frances S. Lewis* (signature)

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes Section

CLIFFORD D. MPARE
Assistant United States Attorney
General Crimes Section